## In the Matter of Jonathan M. Levin

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

TODD, *Member*, April 15, 2011—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary

Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

By order of February 19, 2004, the Supreme Court of Pennsylvania suspended Jonathan M. Levin for a period of two years. On February 14, 2006, Mr. Levin filed a petition for reinstatement, which was denied by the Supreme Court on November 7, 2007. On August 7, 2009, petitioner filed a second petition for reinstatement. Office of Disciplinary Counsel filed a response to petition on December 8, 2009 and stated its opposition to the reinstatement.

A reinstatement hearing was held on February 24, 2010, before a district I hearing committee comprised of chair Edward F. Shay, Esquire, and members Louis W. Schack, Esquire, and Eric W. Sitarchuk, Esquire. Respondent was represented by James C. Schwartzman, Esquire.

Following the submission of briefs by the parties, the hearing committee filed a report on June 17, 2010 and recommended that the petition for reinstatement be granted.

Office of Disciplinary Counsel filed a brief on exceptions on July 27, 2010.

Petitioner filed a brief opposing exceptions on September 3, 2010.

This matter was adjudicated by the disciplinary board at the meeting on October 11, 2010.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

1. Petitioner is Jonathan M. Levin. He was born in 1953 and was admitted to practice law in the Commonwealth in 1982. His current address is 210 Locust Street, Apt. 2-G, Philadelphia Pa. 19106. He is subject to the jurisdiction of the disciplinary board of the Supreme Court of Pennsylvania.

2. By order dated February 19, 2004, effective March 20, 2004, the Supreme Court of Pennsylvania suspended petitioner from the practice of law in the Commonwealth for a period of two years.

3. Petitioner's suspension was a result of his commingling of fiduciary funds wherein he failed to separate his funds from those of his client and third parties; and the intentional and knowing conversion of fiduciary funds wherein petitioner allowed the balance in the escrow account to fall below the amount of funds entrusted to him. Respondent violated rules of professional conduct 1.15(b) and 8.4(c).

4. On February 4, 2006, petitioner filed a petition for reinstatement, which was denied by the Supreme Court by order dated November 7, 2007.

5. On August 7, 2009, petitioner filed the instant petition

for reinstatement and a reinstatement questionnaire with the disciplinary board.

6. Petitioner's reinstatement questionnaire was inaccurate in responses related to questions 6(c), 10 and 12.

7. In response to question 6(c), relating to other jurisdictions where petitioner was subject to discipline, petitioner did not list his reciprocal suspension by the Third circuit court of appeals.

8. In response to question 10, petitioner did not provide details of civil actions in which he has been involved.

9. In response to question 12, petitioner did not fully identify and describe all sources of income and amount of income in excess of $5,000 for the period of his suspension.

10. By letter dated November 13, 2009, the Office of Disciplinary Counsel requested additional information from counsel for petitioner relating to petitioner's financial affairs.

11. By letters dated November 18, 2009, and December 3, 2009, petitioner provided additional information and clarifications to his reinstatement questionnaire in response to the Office of Disciplinary Counsel.

12. There were discrepancies in the amount of income listed in petitioner's tax returns and the income listed in petitioner's reinstatement questionnaire. In response to

question 12, petitioner stated that his 2005 income was $65,444. Petitioner later changed his answer to $66,418.47. For 2006, petitioner initially stated that his income was $54,813.13. Petitioner later advised Office of Disciplinary Counsel that the income was $64,598.52.

13. Petitioner has amended his federal tax returns to correct inaccuracies apparent to him as a result of questions from the Office of Disciplinary Counsel.

14. Petitioner admitted that he is not good with numbers but credibly testified that his errors in the questionnaire were not intentional.

15. Petitioner did not withhold information about sources for his income and provided additional information about loans from his family and a credit line from citizens bank.

16. Petitioner is not employed and relies on the credit line for income.

17. Petitioner has been a volunteer coach, photographer and assistant for a Philadelphia-based girls basketball team.

18. Petitioner has supported St. Jude's Hospital despite the fact that he is without a main source of income.

19. Petitioner is a single parent raising a college-aged daughter.

20. Petitioner has fulfilled his continuing legal education credits for reinstatement, and he reviews advance sheets

to keep apprised of the current law.

21. Jay Leffler, Esquire, a member of the Pennsylvania bar since 1988, testified credibly that he has known petitioner for more than 20 years both professionally and socially and believes that petitioner has a good reputation in the community for being truthful, honest and law abiding.

22. Purcell Booth is a drug and alcohol counselor and community volunteer who has known petitioner for more than 40 years. Petitioner and Mr. Booth volunteer in coaching two inner city athletic teams for teenagers. Mr. Booth testified credibly that petitioner has a good reputation in the community for being truthful, honest and law abiding.

23. Petitioner testified on his own behalf.

24. He takes full responsibility for his past misconduct and is genuinely remorseful.

25. If petitioner is reinstated, he intends to practice tort litigation in Philadelphia. He intends to hire an accountant to manage the bookkeeping end of his practice to ensure it will be done properly.

26. Office of Disciplinary Counsel opposes reinstatement.

### III. CONCLUSIONS OF LAW

1. Petitioner has demonstrated by clear and convincing evidence that he has the moral qualifications, competency

and learning in the law required for admission to the practice of law in Pennsylvania. Pa.R.D.E. 218(c)(3).

2. Petitioner has demonstrated by clear and convincing evidence that his resumption of the practice of law within the Commonwealth of Pennsylvania will neither be detrimental to the integrity and standing of the bar nor subversive of the public interest. Pa.R.D.E. 218(c)(3).

## IV. DISCUSSION

Petitioner seeks readmission to the bar of the Supreme Court of Pennsylvania following his suspension for a period of two years. The suspension was imposed by order of the court dated February 19, 2004. This is petitioner's second petition for reinstatement; his earlier petition was denied by the court on November 7, 2007.

Pursuant to Rule 218, Pa.R.D.E., petitioner carries the burden of showing by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice; and that his reinstatement will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. "A reinstatement proceeding is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgression which gave rise to the lawyer's suspension or disbarment, but rather the nature and extent of the rehabilitative efforts he has made since the time the sanction was imposed, and the degree of success achieved in the rehabilitative

process." *Philadelphia Newspapers, Inc. v. Disciplinary Board of Supreme Court*, 468 Pa. 382, 363 A.2d 779 (Pa. 1976).

In support of his reinstatement, petitioner presented the testimony of two witnesses. Attorney Jay Leffler credibly testified that petitioner is a competent and able attorney. Purcell Booth credibly testified that petitioner has donated time and energy in coaching inner city sports teams for teenagers.

Petitioner testified on his own behalf. He showed sincere remorse for his misconduct. He states that "I've learned my lesson many times over as a result of the passage of time and so much time to think about it." (N.T. 112) The hearing committee found petitioner's testimony to be genuine, that of an individual who has gained insight and understanding with the passage of time.

Office of Disciplinary Counsel opposes petitioner's reinstatement and has focused its inquiry and objections on the accuracy of petitioner's responses to specific questions on the reinstatement questionnaire. Review of the questionnaire demonstrates that petitioner made mistakes and misstatements in some of the answers on his questionnaire. For instance, he misstated his suspension by the third circuit in response to question 6(c). He did not provide all of the names of cases in which he had been involved in response to question 10. He did not accurately state his income in response to question 12. Petitioner made multiple efforts to correct his answers, as reflected

in correspondence between his counsel and Office of Disciplinary Counsel.

Office of Disciplinary Counsel rightly questioned the discrepancies in the questionnaire and sought to obtain correct information from petitioner, which was willingly provided by petitioner. The cross-examination of petitioner by Office of Disciplinary Counsel probed every detail about which there were doubts. Petitioner was able to supply accurate information to amend the discrepancies. Nevertheless, Office of Disciplinary Counsel continues to oppose reinstatement on the basis that petitioner is not competent.

Review of the record reveals that petitioner has been a suspended lawyer in Pennsylvania since 2004. In essence, his two-year suspension has turned into a nearly seven-year absence from the practice of law. To prevent petitioner from readmission yet again based on inaccuracies on his questionnaire, which were subsequently amended, would be unfair. Petitioner was not dishonest or deceitful in his inaccuracies, nor did he lack a good faith effort to supply the correct answers to the questions. The hearing committee properly found that while petitioner struggled somewhat to provide pristinely accurate answers on his questionnaire, his competence is not in doubt. Errors and omissions on a reinstatement questionnaire are not automatic bars to reinstatement where a petitioner testifies at a hearing and fully explains the discrepancies. *In re Anonymous* No. 1 DB 73, Pa.D. & C. 3d 406 (1984);

*In the Matter of Robert S. Creem*, No. 181 DB 2004 (Pa. Nov. 21, 2008).

Petitioner has complied with all obligations of his suspension. He has demonstrated his competence and learning in the law by fulfilling his continuing legal education credits and reviewing advance sheets to keep apprised of the current law. He has shown he is morally qualified by his genuine remorse and rehabilitation. Petitioner's witnesses support his return to the practice of law. The board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Jonathan M. Levin, be reinstated to the practice of law.

The board further recommends that, pursuant to rule 218(f), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

## ORDER

And now, April 15, 2011, upon consideration of the report and recommendations of the disciplinary board dated January 3, 2011, the petition for reinstatement is granted.

Pursuant to Rule 218(f), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in

the investigation and processing of the petition for reinstatement.